http://www.va.gov/vetapp16/Files4/1630513.txt

Citation Nr: 1630513 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 05-13 994 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York

THE ISSUE

Entitlement to service connection for a right knee disability. 

REPRESENTATION

Appellant represented by: James G. Fausone, Esq.

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

J. L. Wolinsky Associate Counsel

INTRODUCTION.

The Veteran had active military service from September 1954 to September 1958.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2003 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Augusta, Maine. The Veteran's claims file was subsequently transferred to the RO in New York, New York. 

In June 2007, the Veteran testified at a travel Board hearing. A transcript of the hearing has been associated with the claims file.

A Board decision in February 2009 denied the Veteran's claim for service connection for a right knee disability. The Veteran thereafter appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In an Order dated in August 2009, the Court granted a Joint Motion for Remand (JMR) by the Veteran and VA General Counsel, to vacate the Board's decision and remand the case for readjudication in accordance with the JMR. The Veteran's claim has since been remanded by the Board in June 2010, February 2012, and November 2015.

On May 17, 2016, the Veteran's attorney wrote to the Board and requested that the Board "please allow the full ninety (90) days from the date the Board notifies this office of their receipt of the veteran's claims file from the VARO before rending further judgment. It is the intent of this office to submit additional evidence and/or argument in support of the this veteran's claim, assuming it is prudent to do so and thus ask that all available time be allowed to complete this submission."

The applicable regulation to which the Veteran and attorney intend to invoke, 38 C.F.R. § 20.1304, does not provide for a blanket 90 day period prior to Board adjudication for any reason, including for the submission of evidence. The regulation specifically provides a period of 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the Board of Veterans' Appeals, whichever comes first, during which they may submit a request for a personal hearing, additional evidence, or a request for a change in representation. The regulation does not provide that a request for 90 days for any reason, or for no reason, is a matter of right. The recertification to the Board follows a lengthy appeal process since September 2007, during which the Veteran and attorney had the opportunity at any time to present any evidence in support of the appeal. The recertification letter specifically advises that a Board decision could come before the 90 day period ends. Such language is meant to encourage early submission of such requests or evidence rather than extend the already lengthy appeals process for 90 more days. 

In this case, the attorney's May 17, 2016 letter did not invoke explicitly any of the 38 C.F.R. § 20.1304 regulatory reasons contemplated, namely, change in representation, request for a personal hearing, or submission of additional evidence. The regulation contemplates the actual submission of evidence during this period to invoke the 90 day procedural safeguard of review of such evidence. No additional evidence has been submitted by the Veteran or his attorney, and the circumstances which mandate a 90 day waiting period under 38 C.F.R. § 20.1304 have not been invoked. The Board finds no prejudice or harm in issuing the following decision. 

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

The probative evidence does not show that the Veteran's right knee disability is causally or etiologically related to his military service.

CONCLUSION OF LAW

The criteria for establishing entitlement to service connection for a right knee disability have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103(a), 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

VCAA

VA's duty to notify was satisfied by a letter sent on August 2003. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

VA's duty to assist includes assisting the claimant in the procurement of service and other relevant records, as well as obtaining a medical examination or opinion of the Veteran's disability when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159; McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). The RO associated the Veteran's service treatment records (STRs) and VA treatment records with the claims file. Private treatment records have also been associated with the record. The Veteran has not identified any treatment records aside from those that are already of record, nor is there any indication that the Veteran has sought additional treatment relevant to the instant appeal.

The prior remand instructions were substantially complied with for the Veteran's claim. The November 2015 Board remand instructions stated that the Veteran be supplied with a Supplemental Statement of the Case (SSOC), which was provided in March 2016. Accordingly, the Board finds that there has been substantial compliance with the prior remand instructions and no further action is necessary. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall v. West, 11 Vet. App. 268 (1998)).

The December 2010 joints examination is adequate, as the examination report shows that the examiner considered the Veteran's relevant medical/military/occupational history, reviewed relevant physical examinations with testing and provided reasoned analysis to support the medical opinion provided. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007); Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (holding that VA must ensure that the examination provided is adequate). 

In March 2010, the Board notified the Appellant that the Veterans Law Judge who held the June 2007 travel Board hearing in this appeal is no longer employed by the Board. The Veteran was offered the opportunity for another Board hearing before a different Veterans Law Judge, or to consider the appeal based on the evidence of record. 38 U.S.C.A. § 7107(c). The Veteran elected to have his appeal determined based on the evidence of record.

As VA satisfied its duties to notify and assist the Veteran, the Board finds that there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. § 5103(a), § 5103A, or 38 C.F.R. § 3.159, and that the Veteran will not be prejudiced as a result of the Board's adjudication of his claim. 

Legal Criteria

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A. 1110, 1131 (West 2002); 38 C.F.R. § 3.303(a) (2014).

To establish entitlement to service-connected compensation benefits, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

The Board must consider all the evidence of record and make appropriate determinations of competence, credibility, and weight. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). "The Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant." Id. at 367.

Facts 

A review of the Service Treatment Records (STR) indicate that the Veteran was in an automobile accident in-service, which resulted in X-rays taken of his chest. A clinical record cover sheet from March 1956 reports that the Veteran was a passenger in a head on collision, the Veteran was thrown against the inside of the car, which resulted in a chest contusion. 

In July 2003 the Veteran submitted his claim for service connection for his right knee to include as secondary to the complications to an injury to his left shoulder, and spinal column. 

A medical note from July 2005 indicates that the Veteran reported that he had pain in his right knee. The Veteran stated that he was in a motor vehicle accident in 1956 during service, and sought service connection for the condition. The Veteran stated that he received Motrin for relief. 

A private medical report from February 2006 shows that the Veteran was a private patient receiving care for his right knee osteo-arthritis which was being treated with Motrin. 

The Veteran testified at a travel Board hearing in June 2007. The Veteran stated that he first sought treatment for his right knee disability, fifteen to twenty years earlier. The Veteran stated that he originally hurt his knee in the motor vehicle accident in-service. The VLJ questioned the Veteran on his secondary theory for service connection, and the Veteran stated that his shoulder injury occurred at the same time as his right knee injury, and that his shoulder did not cause or aggravate his right knee disability. 

In June 2008, the Veteran underwent a VA joints examination. The examiner noted the Veteran's 1956 motor vehicle accident in service, and noted that the Veteran was hospitalized for a few days. The examiner noted chronic right knee pain, with intermittent right knee swelling and giving way. The Veteran was diagnosed with osteoarthritis of the right knee. The examiner concluded that the Veteran's STRs were "non-contributory to any problem with [his right knee] in service, [the right knee disability] is not cause or a result of military service." 

In October 2008 the Veteran submitted correspondence. The Veteran stated that he had provided private medical evidence from Dr. H., showing that his right knee condition existed within one year of his discharge from service, and was a result of his motor vehicle accident in-service. 

A May 2009 VA medical note shows that the Veteran stated that he currently suffered from right knee pain, which had existed for twenty years. 

In December 2010 the Veteran underwent a VA joints examination. The examiner noted a review of the Veteran's claims file, and noted that that there were no service treatment records documenting any treatment for the right knee. The examiner also noted that the Veteran did not have any complaints to his right knee upon separation. The examiner reviewed a medical note from May 2009 which stated that the Veteran had right knee pain for the previous twenty years. The Veteran admitted to having right knee pain prior to service, and stated that he had some problems with basic training. The Veteran stated that he did not undergo any physical therapy in-service, nor did he have any other treatment in-service. The examiner noted that the Veteran did not obtain any right knee treatment until 1993, where he was told he had a bone spur. The examiner reviewed the Veteran's symptomatology, and the medicine taken for his right knee. 

The examiner concluded that it was less likely than not that the Veteran's right knee mild osteoarthritis is related to his service. The examiner relied on the fact that the Veteran had a pre-existing injury prior to service, and that there was no documentation in the STRs of any knee condition treated in service. The examiner also specifically referenced the Veteran's post March 1956 motor vehicle accident treatment, which included x-rays of the chest wall, and left forearm, but did not include x-rays of the knee. The examiner also reasoned that there were no complaints on separation, and that the Veteran did not see a medical doctor until 1993, and that in 1995 the medical evidence indicated that the Veteran suffered a sprain two years prior. The examiner determined that the 1993 injury was nearly thirty-five years after the Veteran's original injury in-service, and that the Veteran's x-rays show degenerative changes due to age related changes. 

In September 2011, the Veteran's representative submitted argument on behalf of the Veteran. The Veteran's representative asserts that the Veteran was sound upon entrance. The Veteran's representative also asserts that the Veteran's 1956 in-service motor vehicle accident was a severe traumatic event, and that the Veteran suffered from more ailments than was just recorded by medical providers. 

Analysis

No complaint, diagnosis or treatment for right knee arthritis is shown in the service treatment records or during a VA examination within a year after the Veteran's separation from service. Thus, service connection on a presumptive basis is not warranted. 38 C.F.R. §§ 3.307, 3.309(a). The Veteran's complaints of pain since service similarly do not qualify as continued symptomatology which warrants service connection. The continuity and chronicity provisions of 38 C.F.R. § 3.303(b) only apply to the chronic diseases enumerated in 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Board concurs with the Veteran's representative's argument that the Veteran was sound on entrance and that a right knee disability did not pre-exist service. 38 C.F.R. § 3.306. 

The Board finds that the Veteran's diagnosis of osteoarthritis of the right knee fulfils the current disability element of service connection. The Board also finds that the Veteran's 1956 motor vehicle accident fulfills the in-service injury element for service connection. The Veteran however, is unable to fulfill the nexus element. 

The Board finds the December 2010 VA joints examination the most probative evidence of record. The medical opinion provided contained not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). The examiner discussed the Veteran's in-service motor vehicle accident, and provided a likely etiology for the Veteran's right knee osteoarthritis. The examiner also specifically contemplated the Veteran's service and post-service medical history. For these reasons, the Board finds that the VA examiner's opinion is of great probative value. The Veteran's contention that the cause of his right knee disability was caused by his in-service injury from a motor vehicle accident, is not sufficient to outweigh the medical examiner's opinion. Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011). 

While right knee pain is capable of lay observation, a diagnosis that the Veteran suffers from osteoarthritis of the right knee is not capable of lay diagnosis since it is not a simple medical determination. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77, n. 4. (Fed. Cir. 2007). Osteoarthritis and the determination of an etiology for that disability is a complex medical determination requiring x-ray interpretation, and medical knowledge of the musculoskeletal system. Osteoarthritis of the right knee is not capable of lay diagnosis and as such, the Board finds that the Veteran is not competent to diagnose his right knee disability or provide the requisite nexus opinion for his right knee disability. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). The Veteran's October 2008 statement that a medical professional concluded that his right knee disability is related to service, is also of limited probative value. The connection between what a physician says and a lay account of what was purportedly said, when filtered through a layman's sensibilities, is attenuated and inherently unreliable. See Robinette v. Brown, 8 Vet. App. 69, 77 (1995). In the instant appeal, the December 2010 medical opinion is the most probative evidence of record and the Veteran fails to fulfill the nexus requirement. The Board notes that post-service medical evidence does not reflect complaints or treatment for right knee pain until many years after service. Furthermore, the private medical treatment associated with the record, fails to offer a relationship to service. The Board also emphasizes the long gap between discharge and the initial documented reports of symptoms to medical providers. See Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000) (evidence of a prolonged period without medical complaint after service can be considered along with other factors in the analysis of a service connection claim).

The Board also notes that while the Veteran's initial claim sought service connection on a secondary basis to the Veteran's left shoulder, the Veteran at his travel Board hearing rejected the notion that the Veteran's left shoulder caused or aggravated the Veteran's right knee disability. Furthermore, as there is no evidence that the Veteran's left shoulder disability is in any way related to the Veteran's right knee disability, except as in that the claimed injuries occurred simultaneously, the evidence of record fails to warrant consideration service connection on a secondary basis. Robinson v. Shinseki, 557 F.3d 1355 (Fed. Cir. 2009) (stating that "[w]here a fully developed record is presented to the Board with no evidentiary support for a particular theory of recovery, there is no reason for the Board to address or consider such a theory").
 
As such, service connection for a right knee disability, is not warranted on any basis. In reaching this conclusion, the Board considered the applicability of the benefit of the doubt doctrine. However, that doctrine is not applicable in the instant appeal as the preponderance of the evidence is against the claim. 38 U.S.C.A. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990); 38 C.F.R. § 3.102 (2015). Therefore, the Veteran's claim for service connection is denied.

The Board is grateful to the Veteran for his honorable service, and regrets that a more favorable outcome could not be reached.

ORDER

Entitlement to service connection for a right knee disability is denied.

____________________________________________
WAYNE M. BRAEUER
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs